SELDIN DEVELOPMENT & MANAGEMENT COMPANY,
A CORPORATION, APPELLANT, V.
GERALD E. CHIZEK, COMMISSIONER OF LABOR, STATE OF
NEBRASKA, ET AL., APPELLEES.

303 N.W.2d 300

Filed March 13, 1981. No. 43562.

C. Robert Vote and Malcolm D. Young of Young & White for appellant.

Pamela A. Mattson for appellee Chizek.

William E. Pfeiffer of Spielhagen, Pfeiffer & Miller, Associates, for appellee Benson.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Seldin Development & Management Company (Seldin) appealed from an order of the District Court affirming an award of unemployment compensation benefits to Steve Benson, a high school student. Seldin assigns as error the finding that Steve's job was not an integral part of his academic training which would exempt his services from unemployment benefits according to Neb. Rev. Stat. § 48-604(6)(o) (Reissue 1978). Further assigned as error is the court's failure to treat Steve's admission in his answer of portions of Seldin's petition as a judicial admission and waiver of

controversy against himself and the codefendant, the Commissioner of Labor. For the reasons to follow, we reverse the order of the District Court.

Generally speaking, unemployed individuals are entitled to benefits under the Nebraska Employment Security Law, Neb. Rev. Stat. §§ 48-601 et seq. (Reissue 1978). However, two exceptions must be noted for the purpose of this appeal. Section 48-604 provides in part as follows: "(6) The term employment shall not include: . . . (o) service performed by an individual under the age of twenty-two who is enrolled at a nonprofit or public educational institution which normally maintains a regular faculty and curriculum and normally has a regularly organized body of students in attendance at the place where its educational activities are carried on, as a student in a full-time program, taken for credit at such institution, which combines academic instruction with work experience, if such service is an integral part of such program, and such institution has so certified to the employer . . . ." Neb. Rev. Stat. § 48-627 (Reissue 1978) provides in part that "[a]n unemployed individual shall be eligible to receive benefits with respect to any week, only if the Commissioner of Labor finds: . . . (e) For any benefit year, he has, within his base period, been paid a total sum of wages for employment by employers equal to not less than six hundred dollars, of which sum at least two hundred dollars shall have been paid in each of two quarters in his base period."

There is no dispute as to the underlying facts. Steve was a 17-year-old junior at Millard High School, enrolled in the special education program. He voluntarily took part in the supervised occupational skills program, the purpose of which was to give students an opportunity to learn how to interview for jobs and work in the community. Students were taught proper work habits and the importance of getting to work on time, as well as how to deal with employers. The program consists of a formal one-semester class in which all of

the classwork pertains to actual work experience or job-related experiences. Students take tests and receive grades. The second part of the program is voluntary and requires the student to go out and work in the community. The employer must be certified by the school, an interview is arranged for the student, and the instructors work closely with the student's employer when problems arise on the job. The students are graded on their work and receive credits toward graduation.

As part of this program Steve was employed by Seldin to do general maintenance work at an apartment complex. Steve worked for Seldin for two semesters of his junior year, commencing in September of 1977. After the end of the second semester on June 2, 1978, Steve stayed on as an employee for the summer; however, his employment was terminated 6 days after school was dismissed for the semester.

Steve sought unemployment compensation benefits after he was terminated, and requested that he be credited as having worked for a period including the previous two semesters as well as for the 6 days after school was dismissed. The Commissioner of Labor allowed the claim. Seldin filed an appeal from the allowance of that claim to the Nebraska Appeal Tribunal, which affirmed the Commissioner's decision. Seldin then filed a petition for review in the District Court for Douglas County, which denied the appeal.

Seldin assigns as error the determination that Steve's job was not an integral part of his academic training. Seldin asserts that the two semesters of employment that involved the work-study were exempted by § 48-604(6)(o).

It is apparent, and the parties agree, that if the two semesters of employment fall within the exception provided for by § 48-604(6)(o) Steve would not be entitled to benefits for the 6 days of covered employment because he would not have been paid total wages of $600 for that benefit year, as required by § 48-627(e).

It would seem that the exclusion of § 48-604(6)(o) is intended to encourage employers to participate in cooperative educational plans. The view is that schools might have more success in persuading employers to participate if the wages paid to the students were not taxable. [1977] 1B Unempl. Ins. Rep. (CCH) ¶ 1362.

The Commissioner of Labor argues that the work done by Steve was not an integral part of his academic program because Steve was not required to work outside of the school to complete requirements for the special education program or to fulfill requirements for graduation from high school. The Commissioner further argues that the job of maintenance man was not combined with academic instruction, and there was no showing that Steve could gain anything from a manual labor job.

We first note that the program in which Steve was involved was a Level II special education program. To qualify for this program, a student must be verified as learning disabled, emotionally disturbed, or educably mentally handicapped. Steve had a learning disability. In Level II are those students who primarily cannot get along in the regular mainstream class. The occupational skills program is not intended to teach a student a skill such as woodworking or carpentry; rather, it is intended to teach students how to interview for a job and how to work in the community, as previously set forth. Students are not allowed to receive credit for an outside job unless they have first taken the classroom semester, and the employer has been certified by the school.

We agree with Seldin that the program in which Steve was involved was a full-time program, taken for credit at Millard High School; was combined with academic instruction; is an integral part of the program, and the school so certified the above to the employer. Merely because the actual work done by Steve was manual labor does not mean that he cannot learn a valuable lesson from it, particularly since the pur-

pose of the program is to teach Level II students how to participate in the working community and not necessarily how to be a maintenance person. Neither are we convinced by the argument that a voluntary program cannot come within the meaning of "integral part of the program." To come within the statute, workstudy need not be required for graduation, as long as the students receive grades and credits that are applied toward their high school degree, and it is a part of an approved course of study, as it was in this case.

Seldin was recruited by Millard High School to participate in the program and was assured that instructors would work closely with the employer in helping the student have a successful work experience. The school had certified to the employer that such work was an integral part of its educational program and the employer should be allowed to rely on that assurance, particularly when, as here, such conclusion was adequately supported by the record.

The fundamental principle of statutory construction is to ascertain the legislative intent and to give it effect. The reasons for the enactment and the purposes and objects of an act may be guides in an attempt to give effect to the main intent of the lawmakers. The court must look to the object to be accomplished or the purpose to be subserved and place such construction on the statute that will best effect that purpose, rather than one that will defeat it. *School District of Murray v. Lancaster*, 203 Neb. 109, 277 N.W.2d 558 (1979). We believe that our determination made here, de novo on the record, that Steve's job was an integral part of his educational program and therefore comes within the statutory exception, is consistent with that principle of statutory construction.

Having made that determination, we need not consider appellant's second assignment of error. The judgment of the District Court is reversed, and the claim of the appellee, Steve Benson, is ordered dismissed.

REVERSED.